IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KUULEI HIROTA, | ) | CIVIL 15-00191 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GENERAL NUTRITION | ) | |
| CORPORATION; USPLABS, LLC, | ) | |
| S.K. LABORATORIES, INC.; DOE | ) | |
| DEFENDANTS 1-100, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Before the Court is Defendant General Nutrition Corporation's ("GNC") Motion to Dismiss Plaintiff's Complaint ("Motion"), filed on July 16, 2015. [Dkt. no. 13.] Plaintiff Kuulei Hirota ("Plaintiff") filed her memorandum in opposition on September 22, 2015.[1] [Dkt. no. 21.] On September 25, 2015, Party-in-Interest Howard M.S. Hu, the trustee in the Chapter 13 bankruptcy proceedings that Plaintiff is involved in ("the Bankruptcy Trustee"), filed a joint notice of appearance and position statement regarding the Motion. [Dkt. no. 23.] On September 28, 2015, GNC filed a reply memorandum in further support of the Motion ("Supplemental Reply"). [Dkt. no. 25.]

---

[1] GNC filed a reply on September 21, 2015, pointing out that Plaintiff had not responded to the Motion. [Dkt. no. 20.] On September 23, 2015, this Court issued an entering order declining to strike Plaintiff's untimely memorandum in opposition and allowing GNC to file a response to the memorandum in opposition. [Dkt. no. 22.]

Pursuant to this Court's October 1, 2015 entering order ("10/1/15 EO"), [dkt. no. 29,] Plaintiff, GNC, and the Bankruptcy Trustee each filed an additional position statement on October 13, 2015. [Dkt. nos. 30, 31, 32.]

In the 10/1/15 EO, the Court found this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, GNC's Motion – which this Court has considered as a motion for summary judgment – is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The instant case arises from Plaintiff's purchase and use of a dietary supplement – OxyElite Pro ("the Product").  She purchased the Product from a GNC store located within the State of Hawai`i.  Plaintiff purchased and used the Product "from November 2012 to September or October 2013, when she became grievously ill."  [Notice of Removal, filed 5/26/15 (dkt. no. 1), Decl. of Michael R. Viera, Exh. A (Complaint) at ¶ 22.[2]]  The Complaint alleges that Defendant USPlabs, LLC ("USPlabs")

---

[2] Plaintiff filed the Complaint in the State of Hawai`i Circuit Court of the First Circuit on May 1, 2015.  GNC removed the action based on diversity jurisdiction.  [Notice of Removal at ¶ 5.]

contracted with Defendant SK Laboratories, Inc. ("SK Labs") to formulate the Product according to agreed upon instructions.[3] [Id. at ¶ 13.]

The Complaint alleges that, on December 26, 2014, Plaintiff "underwent a liver biopsy to determine the nature of her illness," and, on January 9, 2014, the "results of her liver biopsy revealed that she had primary biliary cirrhosis." [Id. at ¶¶ 23-24.]  It is clear that one of these dates contains an error, but this Court cannot determine whether the dates should be December 26, 2013 and January 9, 2014 or December 26, 2014 and January 9, 2015.  For purposes of the instant Motion, this Court will assume that Plaintiff's biopsy occurred on December 26, 2013.

On March 18, 2013, James Masao Hirota and Plaintiff ("the Hirotas") filed a Chapter 13 Voluntary Petition in the United States Bankruptcy court for the District of Hawai`i ("Bankruptcy Court").  [In re Hirota, 13-BK-00424, dkt. no. 1.] On June 12, 2013, the Bankruptcy Court filed the Order Confirming Chapter 13 Plan ("Confirmation Order").  [Id., dkt. no. 20.]

In the instant Motion, GNC emphasizes that: 1) the Hirotas did not obtain a discharge in the bankruptcy proceeding, and the proceedings were neither closed nor converted; 2) the

_____

[3] Plaintiff apparently has not served SK Labs.  The Court will therefore refer to USPlabs and GNC as "Defendants."

3

Hirotas did not disclose Plaintiff's claims arising from her use of the Product during the bankruptcy proceedings; and 3) there is no indication that the Bankruptcy Trustee abandoned the claims. GNC therefore argues that Plaintiff lacks standing to pursue the claims in this case because they are the property of the bankruptcy estate and are under the Bankruptcy Trustee's control. In addition, in the Supplemental Reply, GNC argues that Plaintiff should be judicially estopped from pursuing the claims because of her failure to disclose them during the bankruptcy proceedings.

## DISCUSSION

### I.   Conversion of the Motion to a Motion for Summary Judgment

As a general rule, this Court's scope of review in considering a motion to dismiss is limited to the allegations in the complaint. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). "[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Id. (citations and internal quotation marks omitted). Ordinarily, consideration of other materials requires the district court to convert a motion to dismiss to a motion for summary judgment. Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011) (citing Parrino v. FHP, Inc., 146 F.3d

4

699, 706 n.4 (9th Cir. 1998)).[4]  However, a district court ruling

on a motion to dismiss can also consider matters that are subject

to judicial notice.  <u>Cf.</u> <u>Thomas v. Fin. Recovery Servs.</u>, No. EDCV

12-1339 PSG (Opx), 2013 WL 387968, at *2 (C.D. Cal. Jan. 31,

2013) ("It is well-settled that . . . matters that are subject to

judicial notice may also be considered in evaluating a motion for

judgment on the pleadings." (citing <u>Buraye v. Equifax</u>, 625 F.

Supp. 2d 894, 896-97 (C.D. Cal. 2008); <u>Amfac Mortg. Corp. v.</u>

<u>Ariz. Mall of Tempe, Inc.</u>, 583 F.2d 426, 429-30 & n.2 (9th Cir.

1978))).  A court may take judicial notice of "a fact that is not

subject to reasonable dispute because it . . . can be accurately

and readily determined from sources whose accuracy cannot

reasonably be questioned."  Fed. R. Evid. 201(b)(2).

     The Court can take judicial notice of the docket in the

Hirotas' bankruptcy proceedings and of the filing of specific

documents in that case because the documents are public records,

and the accuracy of the Bankruptcy Court's records cannot

reasonably be questioned.  <u>See</u> 11 U.S.C. § 107(a) ("[A] paper

filed in a case under this title and the dockets of a bankruptcy

court are public records[.]"); <u>see also</u> <u>Reusser v. Wachovia Bank,</u>

<u>N.A.</u>, 525 F.3d 855, 857 n.1 (9th Cir. 2008) ("We take judicial

notice of the bankruptcy court order, because it is a matter of

_____

        [4] <u>Parrino</u> was superseded by statute on other grounds, as
stated in <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676,
681-82 (9th Cir. 2006) (per curiam).

public record." (citations omitted)); <u>Finley v. Rivas</u>, CV
10-00421 DAE-KSC, 2010 WL 3001915, at *2 n.2 (D. Hawai`i July 31,
2010) ("This court 'may take notice of proceedings in other
courts, both within and without the federal judicial system, if
those proceedings have a direct relation to matters at issue.'"
(quoting <u>United States ex rel. Robinson Rancheria Citizens</u>
<u>Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992))).

In considering the instant Motion, however, this Court
finds that it is necessary to consider the **contents** of the
Hirotas' filings in the Bankruptcy Court, not only the Bankruptcy
Court's rulings or the fact that the Hirotas filed certain
documents.  This Court also finds that it is necessary to
consider Plaintiff's declaration, filed with her October 13, 2015
Position Statement ("Plaintiff Declaration").  [Dkt. no. 31-1.]
This Court therefore CONCLUDES that it must convert the instant
Motion to a motion for summary judgment.

I.   <u>Standing</u>

Plaintiff argues that GNC's position that she lacks
standing to bring the claims in this case is based on case law
regarding Chapter 7 bankruptcy proceedings, not Chapter 13
proceedings.  [Pltf.'s Position Statement at 3.]  This Court
agrees.

In support of its argument that Plaintiff's claims are
the property of the bankruptcy estate and under the Bankruptcy

Trustee's control, GNC cites <u>In re Reed</u>, 178 B.R. 817, 823 (D.
Ariz. 1995), and <u>In re Gulph Woods Corp.</u>, 116 B.R. 423, 428 (E.D.
Pa. 1990).  [Mem. in Supp. of Motion at 5.]  Both <u>Reed</u> and <u>Gulph
Woods</u> involved Chapter 7 bankruptcy proceedings, whereas the
Hirotas are involved in Chapter 13 proceedings.  The Ninth
Circuit has stated:

> In [Chapter 7] liquidation proceedings, **only** the
> trustee has standing to prosecute or defend a
> claim belonging to the estate.  The same cannot be
> said for trustees under the reorganization
> chapters.  In those regimes, the debtor has
> express authority to sue and be sued.  Bankruptcy
> Rule 6009, which applies to Chapters 7, 11 and 13,
> directs that "[w]ith or without court approval,
> **the trustee or debtor in possession** may prosecute
> or may enter an appearance and defend any pending
> action or proceeding by or against the debtor, or
> commence and prosecute any action or proceeding in
> behalf of the estate before any tribunal."  Fed.
> R. Bankr. P. 6009 (emphasis added).  [T]he Chapter
> 13 debtor has been considered analogous to Chapter
> 11, which grants the debtor full authority as
> representative of the estate typical of a trustee.
> <u>See</u> 11 U.S.C. § 1107.

<u>In re DiSalvo</u>, 219 F.3d 1035, 1039 (9th Cir. 2000) (alterations
and emphases in <u>DiSalvo</u>) (citation omitted).

     Further, as the Bankruptcy Trustee noted, Plaintiff
"may claim some limited personal exemptions" under 11 U.S.C.
§ 522 to any recovery in this case, and she would be entitled to
any surplus that remains after the balance of the recovery is
paid to the creditors of the bankruptcy estate.  [Bankruptcy
Trustee's 10/13/15 Position Statement at 5.]  Thus, even in light
of the bankruptcy proceedings, at the time Plaintiff filed the

Complaint in this case,[5] she had an interest in her claims arising from her use of the Product.  See In re Ly, 601 F. App'x 494, 496 (9th Cir. 2015) ("Prudential standing requires that a party assert her own rights, rather than rely on the rights or interests of a third party and allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional guarantee in question." (brackets, citations, and internal quotation marks omitted)).

This Court FINDS that there are no issues of material fact regarding Plaintiff's standing, but CONCLUDES that GNC has failed to establish that it is entitled to judgment as a matter of law on the standing issue.  See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  To the extent that GNC contends that Plaintiff lacks standing to pursue the claims in this case, its Motion is DENIED.

## II.  Judicial Estoppel

In its reply, GNC raised the issue of whether Plaintiff's failure to disclose her claims arising from her use of the Product to the Bankruptcy Court judicially estops her from pursuing the claims.  Plaintiff argues that this Court should not

---

[5] "[S]tanding is determined as of the commencement of litigation."  Yamada v. Snipes, 786 F.3d 1182, 1203 (9th Cir. 2015) (citations omitted).

consider the judicial estoppel argument because it is a new argument that GNC improperly raised for the first time in the Supplemental Reply.  See Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded.").  Even assuming, *arguendo*, that the judicial estoppel argument is properly before it, this Court would reject the argument.

> "[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion." New Hampshire v. Maine, 532 U.S. 742, 750, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (internal quotation marks omitted).  "[I]ts purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id. at 749-50, 121 S. Ct. 1808 (citation and internal quotation marks omitted).

> Although judicial estoppel is "probably not reducible to any general formulation of principle, . . . several factors typically inform the decision whether to apply the doctrine in a particular case." Id. at 750, 121 S. Ct. 1808 (citations and internal quotation marks omitted). "First, a party's later position must be 'clearly inconsistent' with its earlier position." Id. "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." Id. (internal quotation marks omitted). "A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 751, 121 S. Ct. 1808. "In enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel.  Additional considerations may inform

the doctrine's application in specific factual
contexts."   Id.

Ah Quin v. Cty. of Kauai Dep't of Transp., 733 F.3d 267, 270-71

(9th Cir. 2013) (alterations in Ah Quin).   In bankruptcy cases,

the "basic default rule" is:

> If a plaintiff-debtor omits a pending (or
> soon-to-be-filed) lawsuit from the bankruptcy
> schedules and obtains a discharge (or plan
> confirmation), judicial estoppel bars the action.
> The reason is that the plaintiff-debtor
> represented in the bankruptcy case that no claim
> existed, so he or she is estopped from
> representing in the lawsuit that a claim does
> exist.   That basic rule comports fully with the
> Supreme Court's decision in New Hampshire: (1) the
> positions are clearly inconsistent ("a claim does
> not exist" vs. "a claim does exist"); (2) the
> plaintiff-debtor succeeded in getting the first
> court (the bankruptcy court) to accept the first
> position; and (3) the plaintiff-debtor obtained an
> unfair advantage (discharge or plan confirmation
> without allowing the creditors to learn of the
> pending lawsuit).   The general rule also comports
> fully with the policy reasons underlying the
> doctrine of judicial estoppel: to prevent
> litigants from playing "fast and loose" with the
> courts and to protect the integrity of the
> judicial system.   New Hampshire, 532 U.S. at
> 749-50, 121 S. Ct. 1808.

Id. at 271 (some citations omitted).   However, the United States

Supreme Court recognized that "it may be appropriate to resist

application of judicial estoppel when a party's prior position

was based on inadvertence or mistake."   New Hampshire, 532 U.S.

at 753.   The Ninth Circuit has rejected the narrow interpretation

of "inadvertence" that other circuits apply.   The narrow

interpretation focuses on "whether the debtor knew about the

claim when he or she filed the bankruptcy schedules and whether the debtor had a motive to conceal the claim," and such a motive is "nearly always present."  Ah Quin, 733 F.3d at 271 (citation omitted).

In Ah Quin, the Ninth Circuit stated that the plaintiff's re-opening of her bankruptcy proceedings and amendment of her bankruptcy schedules to list the previously omitted claim were key factors.  Id. at 272.  The Ninth Circuit concluded that "where . . . the plaintiff-debtor reopens bankruptcy proceedings, corrects her initial error, and allows the bankruptcy court to re-process the bankruptcy with the full and correct information, a **presumption** of deceit no longer comports with New Hampshire" because two of the three New Hampshire factors are no longer present - the bankruptcy court does not accept the debtor's initial position concealing the claim, and the debtor does not obtain an unfair fair advantage. Id. at 273-74.  Thus, the Ninth Circuit concluded that:

> when the plaintiff-debtor has reopened the bankruptcy proceedings and has corrected the initial filing error, the narrow interpretations of "mistake" and "inadvertence" do not apply.  If Plaintiff's bankruptcy omission was mistaken, the application of judicial estoppel in this case would do nothing to protect the integrity of the courts, would enure to the benefit only of an alleged bad actor, and would eliminate any prospect that Plaintiff's unsecured creditors might have of recovering.
>
> In these circumstances, rather than applying a presumption of deceit, judicial estoppel

11

> requires an inquiry into whether the plaintiff's
> bankruptcy filing was, in fact, inadvertent or
> mistaken, as those terms are commonly understood.
> Courts must determine whether the omission
> occurred by accident or was made without intent to
> conceal.  The relevant inquiry is not limited to
> the plaintiff's knowledge of the pending claim and
> the universal motive to conceal a potential
> asset-though those are certainly factors.  The
> relevant inquiry is, more broadly, the plaintiff's
> subjective intent when filling out and signing the
> bankruptcy schedules.

Id. at 276-77.

In the instant case, construing the record in the light most favorable to Plaintiff,[6] this Court finds that she was not aware of her injury and her potential claims arising from her use of the Product, either when the Hirotas initiated the bankruptcy proceeding or when the Bankruptcy Court issued the Confirmation Order.  [Pltf. Decl. at ¶ 2 ("I did not declare any potential settlement or award from a lawsuit against Defendants at that time I entered bankruptcy because I did not know I had or would have a claim.").]  The Hirotas had a continuing duty to amend their bankruptcy schedules to include later discovered assets. See Fed. R. Bankr. P. 4002(a)(3) (stating that the debtor shall "inform the trustee immediately in writing as to . . . the name and address of every person holding money or property subject to

_____

[6] In considering a motion for summary judgment, "[a]ll evidence and inferences must be construed in the light most favorable to the nonmoving party." Maui Elec. Co. v. Chromalloy Gas Turbine, LLC, Civil No. 12-00486 SOM-BMK, 2015 WL 1442961, at *4 (D. Hawai`i Mar. 27, 2015) (citing T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987)).

the debtor's withdrawal or order if a schedule of property has not yet been filed pursuant to Rule 1007;"); In re Searles, 317 B.R. 368, 378 (B.A.P. 9th Cir. 2004) (construing that provision "to mean a schedule, including an amended schedule, that lists the specific property"), aff'd, 212 F. App'x 589 (9th Cir. 2006). By not disclosing the claims to the Bankruptcy Court when she became aware of them, Plaintiff took a position in the bankruptcy proceeding that is inconsistent with her position in this case. However, Plaintiff asserts that her failure to disclose was an inadvertent mistake. [Pltf. Decl. at ¶ 5.]  She states:

> 3.   At the time of the bankruptcy proceedings, I was told that all future income after entering bankruptcy would be my own.  This statement arose in relation to my husband's future income.

> 4.   I did not know until Defendants raised the issue that the bankruptcy estate may have an interest in the outcome of the present lawsuit.

> .  .  .  .

> 6.   I did not intend, nor would I ever intend, to conceal assets from my bankruptcy estate to which it has a lawful claim.

[Id. at pg. 2.]  Plaintiff corrected her error by filing amended bankruptcy schedules.  See Pltf.'s Position Statement, Decl. of Brian K. Mackintosh, Exh. 1 (Amended Schedules B and C).[7] Further, Plaintiff's counsel in the instant case -

---

[7]  The Hirotas filed the Amended Schedules with the Bankruptcy Court on October 6, 2015.  [In re Hirota, 13-BK-00424, dkt. no. 29.]

13

Brian Mackintosh, Esq., and the Law Offices of Michael Green -
have been authorized to act as special counsel for the Bankruptcy
Trustee.  [In re Hirota, 13-BK-00424, dkt. nos. 27 (Bankruptcy
Trustee's application to employ counsel), 28 (order granting
application).]  Plaintiff understands that: any settlement in
this case is subject to the Bankruptcy Court's approval; her
counsel will be paid through the bankruptcy estate; counsel's
compensation must be approved by the Bankruptcy Court; and any
proceeds from this action will be paid to the Bankruptcy Trustee
for distribution pursuant to the applicable statutory provisions
and rules.  Plaintiff also agrees to cooperate with the
Bankruptcy Trustee to make any necessary modifications to her
bankruptcy plan.  [Pltf. Decl. at ¶¶ 7-10.]

Under Ah Quin, this Court must determine whether
Plaintiff's failure to disclose her claims arising from her use
of the Product to the Bankruptcy Court was "inadvertent or
mistaken, as those terms are commonly understood," and this Court
must consider Plaintiff's "subjective intent when filling out and
signing the bankruptcy schedules."  See 733 F.3d at 276-77.
Viewing the current record in the light most favorable to
Plaintiff, this Court FINDS that there is no evidence of deceit,
and that the record supports a finding of mistake or
inadvertence.  Therefore, this Court, in its discretion,

CONCLUDES that judicial estoppel does not apply in the instant case.

GNC's Motion is DENIED as to the judicial estoppel issue. The denial is WITHOUT PREJUDICE, insofar as any Defendant may revisit the judicial estoppel issue if the record, after further development, supports a finding of deceit in the failure to disclose the claims to the Bankruptcy Court.

### III. **Amending the Complaint**

Although this Court has denied GNC's Motion, this Court ORDERS Plaintiff to file a amended complaint to reflect the fact that Plaintiff's counsel is prosecuting this action on behalf of Plaintiff and the Bankruptcy Trustee. In addition, this Court GRANTS Plaintiff leave to add the Bankruptcy Trustee as a co-plaintiff, if their counsel determines that the addition is appropriate. This Court emphasizes that it has not granted Plaintiff leave to make any other changes, such as adding other new parties, new claims, or new theories of liability. If Plaintiff wishes to do so, she must file a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2).

The amended complaint must be filed by **December 14, 2015**. This Court CAUTIONS Plaintiff that, if she fails to file the amended complaint by **December 14, 2015**, or if the amended complaint does not comply with the terms of this Order, this

Court may impose sanctions, including dismissal of Plaintiff's claims.

**CONCLUSION**

On the basis of the foregoing, GNC's Motion to Dismiss Plaintiff's Complaint, filed July 16, 2015 - which this Court has considered as a motion for summary judgment - is HEREBY DENIED.

This Court ORDERS Plaintiff to file an amended complaint, consistent with the terms of this Order, by **December 14, 2015.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 29, 2015.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KUULEI HIROTA VS. GENERAL NUTRITION CORP., ET AL.;** CV 15-00191 LEK-KSC; ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT